UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| GEORGE HAAS ) | | |
| Plaintiff, ) | Docket No. | |
| ) | | |
| v. ) | **COMPLAINT AND JURY DEMAND** | |
| ALEJANDRO MAYORKAS, ) | | |
| SECRETARY, UNITED STATES ) | | |
| DEPARTMENT OF HOMELAND ) | | |
| SECURITY et. al, ) | | |
| Defendants. ) | DATE: December 7, 2022 | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 USCA § 2000e et seq., the Civil Service Reform Act ("CSRA"), 5 USCA § 7101 et seq, the Administrative Procedure Act ("APA"), 5 USCA § 551 et seq. Plaintiff GEORGE HAAS, seeks declaratory, injunctive, and equitable relief; as well as back pay, front pay, compensatory damages, damages for his out-of-pocket pecuniary losses, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorney's fees and costs as a result of the adverse employment actions taken against him by his employer, the above-captioned Defendants in the instant Complaint. Plaintiff claims that Defendants removed him from the federal service without just cause and that he was subjected to a hostile work environment and terminated by Defendants in violation of the Title VII, 42 USCA §§ 2000e-2(a), 2000e-2(b), 2000e- 3(a), and 2000e-16(a), the CSRA Management and Employee Relations Act, 5 USC §§ 7513 , 7702 and 7703, the APA, 5 USCA § 551 et seq., 5 USC §§ 701-706, 5 USCA §2302, and 5 CFR § 752.404.

Plaintiff also alleges that the Defendants violated his due process rights and committed harmful procedural error due to his termination.

Plaintiff requests a trial by jury on all claims as permitted by law.

1

## PARTIES

1. Plaintiff is a citizen of the United States and a resident of Tomball, Texas. His address is 23631 Plantation Pines Lane, Tomball, Texas 77375.

2. At all times relevant to this action, Plaintiff is disabled as defined by the Americans with Disabilities Act, Americans with Disabilities Act Amendments Act (ADAAA), and Rehabilitation Act.

3. Plaintiff timely filed a prior Merit Systems Protection Board Appeal (MSPB) in which a hearing was held, and the administrative judge issued an initial decision that affirmed the removal. Plaintiff timely filed a petition for review and the MSPB Board affirmed Plaintiff's removal, declining to disturb the administrative judge's findings that Plaintiff failed to prove his affirmative defenses.

4. In or about 1998, Plaintiff entered on duty with the agency as a Customs and Border Protection (CBP) Officer, GS-1895-12, with a duty station at the Port of Houston Airport in Houston, Texas.

5. Defendants United States Department of Homeland Security and its sub-agency, Customs and Border Protection, hereinafter "DEFENDANTS" are executive Agencies of the United States government within the meaning of 29 USCA § 633a(a) and 5 USCA § 105.

6. The Department of Homeland Security is headquartered in Washington, D.C.

7. Defendant Alejandro Mayorkas is employed as the Secretary of the Department of Homeland Security. Defendant is being sued in his official capacity.

## JURISDICTION AND VENUE

8. Defendant Customs and Border Protection is also headquartered in Washington, D.C.

9. Defendant Customs and Border Protection is a federal law enforcement agency under the Department of Homeland Security.

10. At all times relevant to this action, Plaintiff's duty station was the Port of Houston Airport, George Bush Airport located at 2800 North Terminal Road, Houston, Texas 77032.

11. This action arises under Title VII, 42 USCA §§ 2000e-2(a), 2000e-2(b), 2000e-3(a), and 2000e-16(a), the CSRA Management and Employee Relations Act, 5 USC §§ 7513 and 7702, the APA, 5 USCA § 551 et seq., 5 USC §§ 701-706, 5 CFR §752.404, violation of the Rehabilitation Act of 1973 as amended, U.S.C. §12101 et. Seq. and 29 U.S.C. §791.

12. Plaintiff alleges that the Defendants subjected him to a hostile work environment and terminated his employment on the bases of his disability and reprisal for prior EEO activity in violation of Title VII, 42 USCA §§ 2000e-2(a), 2000e-2(b), 2000e-3(a), and 2000e-16(a), violation of the Rehabilitation Act of 1973 as amended, U.S.C. §12101 et. Seq. and 29 U.S.C. §791.

13. Plaintiff further alleges that the Defendants terminated his employment without procedural and other due process.

14. Plaintiff further alleges that the Defendants terminated his employment for reasons that do not promote the efficiency of the Federal service in violation of 5 USC §§ 7513.

15. Jurisdiction over Plaintiff's claims of disability discrimination in employment is invoked pursuant to 28 USCA § 1343, 42 USCA § 2000e-16, 5 USCA § 7702, and 5 USCA § 7703.

16. Jurisdiction over Plaintiff's claims of unlawful retaliation for engaging in protected EEO activity is invoked pursuant to 28 USCA § 1343, 42 USCA § 2000e-16, 5 USCA § 7702, and 5 USCA § 7703.

17. Jurisdiction over Plaintiff's claims under the CSRA is invoked pursuant to 5 USCA § 7702 and 5 USCA § 7703.

18. Jurisdiction over Plaintiff's procedural due process claims is invoked under 5 USCA § 7702, 5 USCA § 7703, and 5 CFR § 752.404.

19. Jurisdiction over Plaintiff's claims of prohibited personnel practices is invoked pursuant to 5 USCA § 7702, 5 USCA § 7703, 5 USCA § 2302.

20. Plaintiff was terminated on or about on or about April 7, 2017.

21. Plaintiff timely appealed this termination for medical inability to perform the essential duties of his position to the Merit Systems Protection Board ("MSPB") on May 5, 2017. This MSPB appeal contained the following claims as well: discrimination based on his disability (failure to accommodate and disparate treatment); EEO retaliation; and harmful procedural error.

22. A hearing was held on November 20, 2017, November 21, 2017, and December 14, 2017, the MSPB issued an Initial Decision affirming the Agency's termination of Plaintiff. Prior to the Initial Decision becoming final on February 8, 2018, Plaintiff filed a petition for review on February 8, 2018.

23. Plaintiff now files the instant Complaint seeking de novo review of all claims allowable by law and judicial review of all claims not entitled to de novo review, including all claims and/or arguments raised on appeal with the MSPB Board under Docket Number DA-0752-17-0304-I-1 and its related cases, if any.

24. Under 5 USCA § 7702 and 5 USCA § 7703, Plaintiff has exhausted his administrative remedies and is free to pursue his case in federal district court.

25. Declaratory, injunctive, and equitable relief is sought pursuant to 29 USCA § 633a, 5 USCA § 7702 and 7703, and 42 USCA §2000e et seq., and the CSRA.

26. The action properly lies in the United States District Court for the Southern District of Texas pursuant to 28 USCA § 1391(b) because Plaintiff's claims arose in this judicial district.

Plaintiff was employed as CBP Officer (CBPO) for more than 18 years and more than 30 years in federal government prior to being separated from Federal Service.

27. Upon information and belief, Plaintiff did not have any significant relevant history of prior discipline and/or performance-related issues.

28. Prior to May 6, 2015, Plaintiff was assigned to work in "Primary Inspection," which is the first step in the screening process and involves initial questioning of passengers and inspection of their documents.

29. On or about May 6, 2015, Plaintiff was assigned to "Hard Secondary," which is the second step in the screening process for passengers who require additional screening and/or questioning.

30. On or about April 29, 2015, the Plaintiff requested a reasonable accommodation by email to Kyle Mandelbaum to change his shift in order to attend a peer group meeting as it was a critical part of [his] treatment.

31. At that time, the Defendants failed to process his reasonable accommodation request or engage the Plaintiff in the interactive process.

32. On May 6, 2015, the Plaintiff was assigned to work in Primary Inspection for a part of his shift and in Hard Secondary for another part of his shift.

33. At that time, Plaintiff reiterated his request for reasonable accommodation and raised additional accommodations.

34. On May 6, 2015, the Plaintiff sent an email to the Agency's EEO Requests email address reporting that he was being discriminated against based on permanent disability that the service is aware of.

35. On May 14, 2015, Mr. Perez forwarded the email to Labor and Employment Relations ("LER") and wrote "see below the message and allegation asserted by the Plaintiff to

5

trigger our concern and request for medication determination of his limitations and ability to perform work assignments."

36. On May 29, 2015, the Defendants requested that Plaintiff submit medical documentation for the Agency to make a decision about his employment situation.

37. Also on May 29, 2015, the Agency revoked Mr. Haas' authority to carry a government-issued firearm.

38. On or about July 17, 2015, Mr. Haas provided medical documentation, including a letter from Susan Bollom stating that he is capable of fulfilling the duties of his position and it is not necessary to revoke his authority to carry a government-issued firearm, as well as identified requested reasonable accommodations for Mr. Haas.

39. On August 6, 2015, Mr. Haas submitted a request for a reasonable accommodation to the Defendants to include shifts beginning after 10 am, shifts no later than midnight, ability to switch his day off to facilitate medical appointments and peer support meetings, that his workday not to exceed 12 hours, and afforded additional breaks as needed.

40. On August 7, 2015, the Defendants directed Mr. Haas to undergo a Fitness for Duty Examination. A general medical examination was performed on August 20, 2015.

41. On August 24, 2015, PDO case manager Dustin Martinez met with Mr. Haas to discuss his reasonable accommodation requests. On August 31, 2015, the Defendants informed Mr. Haas by letter that, pending the results of the fitness for duty examination, a decision on whether an Interaction Evaluation and Accommodation recommendation from his health care provider would be appropriate at that time would be held in abeyance.

42. On October 5, 2015, Mr. Haas was instructed to undergo a psychiatric Independent Medical Evaluation ("IME") with Dr. Larry Nahmias as part of the Agency-imposed Fitness for Duty Exam.

43. On December 3, 2015, the Agency informed Mr. Haas it would not accommodate him in his position and that in response to his request for reasonable accommodation, it would pursue reassigning him to a vacant-funded position which met his employment qualifications and medical restrictions, and that a local job search would be conducted. However, the Agency did not ultimately reasonably accommodate Plaintiff with a reassignment to a new position.

44. On June 13, 2016, the Agency stated in a letter that an expanded job search was conducted, but concluded with negative results. The Defendants stated further that it had discontinued processing Mr. Haas' request for reasonable accommodation and closed the reasonable accommodation case file.

45. Mr. Haas applied for several positions during this period but was not selected for any of them.

46. On August 8, 2016, the Defendants issued Mr. Haas a letter that stated that he could resign, retire, or request reassignment (despite already informing Plaintiff that reassignment was not available as a reasonable accommodation and/or being otherwise provided).

47. On October 12, 2016, the Defendants issued a proposal to remove Mr. Haas from his position for inability to perform the essential duties of a CBP officer.

48. On November 2, 2016, Mr. Haas provided an oral and written reply to the proposed removal.

49. On December 2, 2016, the Defendants issued a letter stating that Mr. Haas may request reassignment to another position within CBP within the local commuting area.

50. On January 26, 2017, the Defendants offered Mr. Haas an opportunity to reassign to the position of CBP Entry Specialist, GS-1894-7/10; full performance level of GS/11.

51. On March 14, 2017, Mr. Haas responded that this position was not commensurate with his current pay grade and position experience (GS-12, Step 6), requested that the Defendants

search for a position commensurate with his pay grade and position experience, provided suggestions for other positions that he could serve in (inside and outside the local commuting area), which he believed were available, and re-asserted that he was still capable of serving as a CBP officer in his original position, including carrying a government-issued firearm.

52. At that same time, Mr. Haas also provided additional medical documentation in support of his position that he is still capable of serving as a CBP officer and carrying a government-issued firearm.

53. On April 17, 2017, the Defendants removed Mr. Haas for medical inability to perform the essential functions of a CBPO.

## COUNTS I, II, III, AND IV
## NATIONAL ORIGIN, RACE, AND RELIGION DISCRIMINATION AND EEO RETALIATION

54. Plaintiff incorporates by reference Paragraphs 1 through 53, inclusive, and all allegations contained therein.

55. Throughout his employment with Defendants, Plaintiff was subjected to a pattern of disparate treatment on the basis of his national origin, race, religion, and retaliation for EEO protected activity. The pattern of disparate treatment created a hostile work environment.

56. At all times relevant, the Responsible Management Officials (RMOs) were aware of Plaintiff's national origin, race, religion, and EEO protected activity.

57. These actions substantially interfered with important job functions of the Plaintiff and harmed his ability to perform his daily tasked and advance within the Agency.These actions also ultimately resulted in an unlawful termination action, which also harmed the Plaintiff.

58. Defendant's pattern of disparate treatment of Plaintiff on the basis of his national origin, race, and religion constitutes a violation of 42 USCA §§ 2000e- 2(a), 2000e-2(b), 2000e-3(a), and 2000e-16(a).

59. As a direct and proximate result of the Defendants' unlawful discrimination, Plaintiff has suffered substantial harm and is entitled to an award of damages, subject to proof at trial, as well as injunctive relief and declaratory relief.

60. Plaintiff seeks a trial by jury on all issues so triable, declaratory, injunctive, and equitable relief; as well as back pay, front pay, compensatory damages, damages for his out-of-pocket pecuniary losses, liquidated damages, pre- judgment and post-judgment interest, and reasonable attorney's fees and costs as a result of the adverse employment actions taken against him by his employer.

## COUNT V
## PLAINTIFF'S TERMINATION DOES NOT PROMOTE THE EFFICIENCY OF THE FEDERAL SERVICE

61. Plaintiff incorporates by reference Paragraphs 1 through 60, inclusive, and all allegations contained therein.

62. The stated reasons for Plaintiff's termination in the Decision to Remove are discriminatory in nature or are a pretext for unlawful discrimination.

63. The Defendants have failed to establish that Plaintiff committed the conduct alleged in its Notice of Proposed Removal.

64. The Defendants have failed to provide procedural and other due process to the Plaintiff regarding his removal action. Additionally, the misconduct alleged by the Defendants in the Notice of Proposed Removal does not support Plaintiff's termination.

65. Defendants have failed to meet their burden of demonstrating that Plaintiff's termination will promote the efficiency of the service.

66. As a direct and proximate result of the Defendants' unlawful termination, Plaintiff has suffered substantial harm and is entitled to an award of damages, subject to proof at trial, as well as injunctive relief and declaratory relief.

67. Plaintiff seeks a trial by jury on all issues so triable, declaratory, injunctive, and equitable relief; as well as back pay, front pay, compensatory damages, damages for his out-of-pocket pecuniary losses, liquidated damages, pre- judgment and post-judgment interest, and reasonable attorney's fees and costs as a result of the adverse employment actions taken against him by his employer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff GEORGE HAAS, prays for all damages permitted under Title VII, 42 USCA §§ 2000e-2(a), 2000e-2(b), 2000e-3(a), and 2000e-16(a), the CSRA Management and Employee Relations Act, 5 USC §§ 7513 , 7702 and 7703, the APA, 5 USCA § 551 et seq., 5 USC §§ 701-706, 5 USCA § 2302, and 5 CFR § 752.404, including but not limited to:

- Preliminary and permanent injunctive relief and declaratory relief as appropriate;

- Preliminary and permanent injunctive relief prohibiting future retaliation against Plaintiff and other similarly situated employees for lawful opposition to employment practices prohibited by Title VII as set forth herein;

- A judgment declaring Defendants' conduct towards Plaintiff is in violation of Title VII, 42 USCA §§ 2000e-2(a), 2000e-2(b), 2000e-3(a), and 2000e-16(a), the CSRA Management and Employee Relations Act, 5 USC §§ 7513 , 7702 and 7703, the APA, 5 USCA § 551 et seq., 5 USC §§ 701-706, 5 USCA § 2302, and/or 5 CFR § 752.404;

- An Order requiring Defendant's to immediately re-instate Plaintiff to his position at the level Plaintiff would have occupied but for Defendants' unlawful actions, including, but not limited to, any and all back pay and/or benefits such as those set forth in the Back Pay Act;

- An award of the costs and fees incurred by Plaintiff in bringing this action, including, but

not limited to, those incurred at the administrative level, as well as reasonable attorney's and expert witness fees, and pre-judgment and post-judgment interest;

- Compensatory damages, the exact amount to be determined at trial;

- Injunctive relief, a declaratory judgment, compensatory damages, and all other appropriate relief pursuant to his Title VII EEO claims;

- An award for the Plaintiff's costs and reasonable attorney's fees in this action;

- Compensation for damages to future employment;

- Such other and further relief as the Court may deem just and proper;

- Plaintiff also requests that the Court maintain jurisdiction over this matter until all remedial action has been taken by Defendants.

Respectfully submitted,

_____
Stephen Goldenzweig
Pines Federal Employment Attorneys, PLLC
Attorney-In-Charge for George Haas
Texas Bar No: 24111313
Southern District of Texas Bar No.: 3133373
10101 Fondren Road, Suite 575
Houston, TX 77096
800-801-0598 (main)
832-539-3211 (direct)
888-215-0397 (fax)