United States District Court
Southern District of Texas
**ENTERED**
February 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GEORGE HAAS, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-4235 |
| § | |
| ALEJANDRO MAYORKAS, § | |
| § | |
| *Defendant*. § | |

## MEMORANDUM & ORDER

Before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Dena Hanovice Palermo. ECF No. 32. The R&R addresses Defendant Alejandro Mayorkas's Motion for Summary Judgment. ECF No. 25. Defendant Mayorkas filed timely objections to the R&R. ECF No. 39. For the reasons that follow, the Court **OVERRULES** the objections and **ADOPTS** the R&R. The Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Summary Judgment.

### I. BACKGROUND

The R&R provides a comprehensive review of the facts of the case, ECF No. 32 at 2-6, so the Court will limit itself to briefly summarizing the procedural history. Plaintiff George Haas served as a Customs and Border Protection (CBP) officer in Houston, and he was removed from federal service on April 7, 2017. On December 7, 2022, Plaintiff brought this employment discrimination case against Defendant Alejandro Mayorkas, Director of Homeland Security, in his official capacity, alleging that he "removed him from the federal service without just cause and that he was subjected to a hostile work environment." ECF No. 2 ¶ 1. On December 13, 2023, Defendant filed his first Motion for Summary Judgment. ECF No. 14. At a motion hearing on

1

February 20, 2024, the Court dismissed Plaintiff's claims for race, national origin, and religious discrimination and ordered Plaintiff to respond to Defendant's discovery requests. After the ordered discovery was complete, Defendant filed an Amended Motion for Summary Judgment. ECF No. 25. The Court referred the Motion to Magistrate Judge Palermo. ECF No. 31.

Judge Palermo issued an R&R recommending that Defendant's Motion be granted in part and denied in part. ECF No. 32. Judge Palermo recommended that summary judgment be granted on Plaintiff's claim for review of the Merit Systems Protection Board's (MSPB) decision affirming his termination because Plaintiff had not shown that the decision was arbitrary and capricious of unsupported by substantial evidence. *Id.* at 8-12. Judge Palermo then recommended that summary judgment be denied on Plaintiff's Title VII retaliation claim because Plaintiff had stated a *prima facie* case of retaliation and there were genuine disputes of material fact that precluded summary judgment. ECF No. 12-18. Finally, Judge Palermo found that Plaintiff's claims for disability discrimination and hostile work environment remained for trial despite Defendant's arguments that the claims had been dropped. *Id.* at 18-22.

Defendant filed objections to the R&R, ECF No. 39, and Plaintiff responded. ECF No. 42.

## II.   STANDARD OF REVIEW

A party may file written objections to a proposed R&R within 14 days of being served with a copy. 28 U.S.C. § 636. If such objections are timely filed, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, if no timely objection is made, the court need only review the R&R to determine whether it is "clearly erroneous or contrary to law." *Garcia v. Sessions*, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7,

2018) (citing *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017)). Because Defendant has filed timely objections, the Court reviews de novo the objected-to portions of the R&R.

Summary judgment under Rule 56 "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A genuine issue as to a material fact arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

### III.   ANALYSIS

#### a.   Objection 1: This Court already dismissed the national origin, race, and religious discrimination claims.

Defendant asserts that Plaintiff's national origin, race, and religious discrimination claims were dismissed at this Court's February 20, 2024 hearing and "should therefore remain dismissed and should not continue past summary judgment." ECF No. 39 at 10. Plaintiff agrees that those claims were withdrawn at the hearing and does not oppose the objection. ECF No. 42 at 2.

Judge Palermo's R&R recognized that the national origin, race, and religious discrimination claims had previously been dismissed. ECF No. 32 at 21 ("Then, at the motion hearing before Judge Ellison on February 20, 2024, Plaintiff agreed to dismiss his 'claims for race, national origin, and religious discrimination.' Feb. 21, 2024, Minute Order; *see also* ECF No. 15 at 2 (agreeing to withdraw race, religion, and national origin discrimination claims)). Judge

3

Palermo also noted that Plaintiff's remaining claims were limited to "retaliation, disability discrimination, and hostile work environment." *Id.* at 22. Since the R&R correctly stated that Plaintiff's national origin, race, and religious discrimination claims were dismissed, Defendant's objection is moot and overruled.

      **b. Objection 2: Plaintiff did not plead a disability or hostile work environment claim.**

Defendant argues that Plaintiff "failed to plead a disability discrimination or hostile work environment claim; therefore, these claims should be dismissed." ECF No. 39 at 10. Judge Palermo found that, "Viewing the language of the complaint in its entirety, it is evident that Plaintiff intended to assert claims for hostile work environment, disability discrimination, and violations of due process in addition to his MSPB and retaliation claims. Although Plaintiff did not frame those claims as separate 'counts' in the complaint, see ECF No. 2 ¶¶ 54-67, Plaintiff's fact allegations, citations to the ADA and Rehabilitation Act, and statements of disability discrimination elsewhere within the complaint are sufficient to put Defendant on notice." ECF No. 32 at 20 (footnotes omitted). Because Defendant has timely filed an objection, this issue is reviewed de novo.

In his complaint, Plaintiff explicitly brought five claims for (1) race discrimination, (2) religious discrimination, (3) national origin discrimination, (4) retaliation, and (5) Plaintiff's termination does not promote the efficiency of the federal service. Outside of the express counts, Plaintiff alleged that "Defendants subjected him to a hostile work environment and terminated his employment on the bases of his disability and reprisal for prior EEO activity in violation of Title VII, 42 USCA §§ 2000e-2(a), 2000e-2(b), 2000e-3(a), and 2000e-16(a), violation of the Rehabilitation Act of 1973 as amended, U.S.C. §12101 et. Seq. and 29 U.S.C. §791." ECF No. 2 ¶ 12. Plaintiff further stated that "Jurisdiction over Plaintiff's claims of disability discrimination

in employment is invoked pursuant to 28 USCA § 1343, 42 USCA § 2000e-16, 5 USCA § 7702, and 5 USCA § 7703." *Id.* ¶ 15.

The Court finds that Plaintiff sufficiently pled claims for hostile work environment and disability discrimination even though those claims were not pled as distinct counts. The Court agrees with Judge Palermo that Plaintiff's fact allegations, citations to the ADA and Rehabilitation Act, and statements of disability discrimination elsewhere within the complaint were sufficient to put Defendant on notice of these claims. Defendant's objection is overruled.

> c. **Objection 3: Plaintiff did not exhaust his administrative remedies for a disparate treatment disability discrimination or a hostile work environment claim.**

Defendant next objects that Plaintiff did not exhaust his administrative remedies for a disparate treatment disability discrimination or a hostile work environment claim. Before suing for employment discrimination, an employee must exhaust administrative remedies. *See Davis v. Fort Bend Cnty., Tex.*, 893 F.3d 300, 303 (5th Cir. 2018), *aff'd sub nom. Fort Bend Cnty., Tex. v. Davis*, 139 S.Ct. 1843 (2019). A federal employee may either (1) bring a mixed complaint before the EEO or (2) bring a mixed appeal before the MSPB. 29 C.F.R. § 1614.302(a); 5 U.S.C. § 7702. The EEO or the MSPB will decide both the issues of discrimination and the adverse employment action. 29 C.F.R. § 1614.302; 5 C.F.R. §1201.156. Once the employee who initiates either of these procedural paths receives a final determination, the employee may pursue judicial review of the final determination. 29 C.F.R. §1614.310; 5 U.S.C. §7703(a)(1) & (b)(1)-(2). Cases of discrimination subject to provisions of section 7702 "shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16) [or] section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)) . . .." 5 U.S.C. § 7703(b)(2). These provisions require exhaustion of

5

administrative remedies before the federal court may have jurisdiction. *Smith v. Potter*, 400 Fed. Appx. 806, 812 (5th Cir. 2010).

The parties agree that Plaintiff filed a mixed case complaint before the MSPB. Defendant argues that Plaintiff's MSPB "complaint for age and disability discrimination for denial of a reasonable accommodation, and retaliation" did not "make any claims of disparate treatment, nor hostile work environment." ECF No. 39 at 13. However, Defendant himself stated in his Amended Motion for Summary Judgment that "Plaintiff pursued his claims through the MSPB where he alleged that CBP discriminated against him based on his age and mental disability, *a hostile work environment*, and retaliation for prior Equal Employment Opportunity (EEO) activity. Ex. A at 2." ECF No. 25 at 2 (emphasis added). Further, Plaintiff points to Appellant's Response to Order Regarding Affirmative Defenses in which he asserted claims for disparate treatment and denial of reasonable accommodation. ECF No. 15-3. Therefore, Plaintiff did exhaust the administrative remedies for claims of disparate treatment and hostile work environment by bringing the claims in his mixed case before the MSPB. Defendant's objection is overruled.

> **d. Objection 4: Even if the disability and hostile work environment claims were properly pled, Plaintiff's claims fail as a prima facie case and under the *McDonnell Douglas* framework.**

Defendant's fourth objection is that Plaintiff's disability discrimination, reasonable accommodation, and hostile work environment claims fail as a matter of law. However, Defendant did not raise this argument before the Magistrate Judge, and it was not addressed in the R&R. Although Plaintiff's complaint put Defendant on notice of his hostile work environment and disability discrimination claims, Defendant did not move for summary judgment on these grounds. Instead, Defendant argued only that "Plaintiff dropped all claims but their retaliation claim and…the MSPB claims." ECF No. 25 at 7. This argument was correctly rejected by Judge Palermo

who found that the hostile work environment and disability discrimination claims remained for trial. ECF No. 32 at 21-22.

Since Defendant did not move for summary judgment on these grounds before the Magistrate Judge, the Court declines to reach those new arguments. The Fifth Circuit has held that arguments which could have been raised before the Magistrate Judge but are raised for the first time in objections before the District Court, are waived. *See Cupit v. Whitley,* 28 F.3d 532, 535 (5th Cir.1994) (holding party who waited until after Magistrate Judge issued recommendation to raise defenses of procedural default and failure to exhaust administrative remedies waived those defenses). Defendant's fourth objection raises three substantive new arguments that could have been raised before Judge Palermo, so the objection is overruled.

e. **Objection 5: Plaintiff's retaliation claim fails as a *prima facie* case and under the *McDonnell Douglas* framework.**

Next, Defendant argues that Plaintiff's retaliation claim fails as a *prima facie* case and under the *McDonnell Douglas* framework. Judge Palermo found that Defendant was not entitled to summary judgment on Plaintiff's retaliation claim, ECF No. 32 at 12-18. Because Defendant has timely filed an objection to this ruling, this issue is reviewed de novo.

i. ***Prima Facie* Case of Retaliation**

To establish a *prima facie* case of retaliation, a plaintiff must show (1) participation in an activity protected by Title VII, (2) adverse employment action, and (3) a causal connection between the two. *Newbury v. City of Windcrest*, 991 F.3d 672, 678 (5th Cir. 2021). An adverse employment action is one that is "materially adverse, such that it would dissuade a reasonable employee from making a discrimination complaint." *Id.*

Defendant objects that Plaintiff did not establish a *prima facie* case for retaliation because he failed to state an adverse employment action and causation between his protected activity and

7

alleged adverse employment actions. As the R&R notes, Plaintiff identified a "series of adverse employment actions leading up to his removal, including the revocation of his right to carry and reassignment to administrative duties on May 29, 2015, and the [fitness for duty examination] ordered on August 8, 2015." ECF No. 32 at 15. Judge Palermo refrained from deciding whether those qualified as adverse employment actions because the question was unbriefed. *Id.* at 15 n.12. Judge Palermo then concluded that summary judgment on causation was "premature" since Defendant was not seeking summary judgment on all the alleged acts of retaliation. *Id.* at 15.

Now, Defendant argues that the alleged adverse employment actions do not qualify as such and should not be considered for the causation analysis. When determining whether an allegedly retaliatory action is materially adverse, courts "'look to indicia such as whether the action affected 'job title, grade, hours, salary, or benefits' or caused 'a diminution in prestige or change in standing among co-workers.'" *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818, 827 (5th Cir. 2019) (citing *Paul v. Elayn Hunt Corr. Ctr.*, 666 F. App'x 342, 346 (5th Cir. 2016). A reasonable jury could conclude that, in the context of the case, the revocation of the right to carry, reassignment to administrative duties, and order to undergo a fitness for duty examination were materially adverse employment actions. *See, e.g., Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 827 (5th Cir. 2015) (affirming district court ruling that placement on administrative duty and lost overtime eligibility was materially adverse employment action); *Moore v. Napolitano*, No. CIV.A.07-2666, 2010 WL 2671850, at *7 (E.D. La. June 29, 2010) (denying summary judgment because order to attend fitness for duty examination could be seen as materially adverse employment action). Particularly because of the limited briefing on this point, the Court concludes that there remains a genuine factual dispute over whether these actions were materially adverse in Plaintiff's case.

8

Thus, the Court must consider the allegedly adverse actions in the causation analysis as well. "A plaintiff alleging retaliation may satisfy the causal connection element by showing close timing between an employee's protected activity and an adverse action against him." *Feist v. La, Dep't of Justice, Office of the Att'y. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (cleaned up). Plaintiff suffered the first alleged adverse employment action on May 29, 2015, less than a month after he requested reasonable accommodation on May 6, 2015. When the agency decisionmaker responded to Plaintiff's request, he also initiated the alleged adverse actions by revoking Plaintiff's right to carry and reassigning him to administrative duties. ECF No. 27 at 6-7. The short period and direct connection between the request and adverse actions establishes temporal proximity and implied causation. Therefore, Plaintiff has established a *prima facie* case of retaliation, and Defendant's objection is overruled.

### ii. *McDonnell Douglas* framework

Defendant's next argument for summary judgment on Plaintiff's retaliation claim is that it fails under the *McDonnell Douglas* framework. The R&R concluded that "Defendant has met its burden to articulate a legitimate, nonretaliatory reason for Plaintiff's removal." ECF No. 32 at 16. However, the R&R denied summary judgment because Defendant failed to state "a legitimate, nondiscriminatory reason that explains both the adverse action and the timing" for each of the alleged adverse actions other than removal. *Id.* (quoting *McCoy*, 492 F.3d at 562).

Defendant objects that he "cannot be justified in [Plaintiff's] removal, and yet be unjustified in all the steps leading up to Plaintiff's removal." ECF No. 39 at 29. Defendant argues that the same legitimate, nondiscriminatory reason for removing Plaintiff also justifies the previous steps taken. *Id.* In support of this argument, Defendant states that "Plaintiff informed Defendant that he was unable to perform essential functions of the job and could not work in stressful

9

environments" which led Defendant to request a fitness for duty examination "which concluded that Plaintiff was unstable and could have an unexpected flare up that would endanger other employees and civilians." *Id.* As a result, "Defendant had to remove Plaintiff's federal firearm, and reassigned Plaintiff to an administrative position while they looked for another position for which Plaintiff was qualified." *Id.* Therefore, Defendant asks the Court to conclude that the alleged adverse actions were all taken for the legitimate, nondiscriminatory reason that Plaintiff could not perform the essential functions of the job.

However, Defendant's argument obscures the timeline of events. Plaintiff suffered the revocation of his right to carry and reassignment to administrative duties on May 29, 2015, shortly after his request for reasonable accommodation and long before the fitness for duty exam concluded that Plaintiff could not continue in his position. The evidence that Defendant points the Court to itself states that "On May 29, 2015, the Agency requested that you submit administratively acceptable medical documentation to enable management *to make an informed decision about your employment situation and your ability to fully perform the duties of your position*." ECF No. 25-2 at 1 (emphasis added). It is not clear from the evidence that Defendant took the alleged adverse actions on May 29, 2015 because Plaintiff could not perform the essential functions of the job. Instead, Defendant's own evidence says that the agency had only begun the process of making that determination. Plaintiff meanwhile argues that the adverse employment actions were retaliation for his request for accommodation.

Defendant has still failed to state a legitimate, nondiscriminatory reason that explains both the action and the timing for each of the alleged adverse actions, the Court must assume that the actions were taken with retaliatory intent in recognition of Plaintiff's unrebutted *prima facie* case.

The Court therefore agrees with Judge Palermo's R&R that summary judgment is premature at this stage and overrules Defendant's objection.

    **f. Objection 6: Plaintiff failed to produce any evidence that creates a fact issue.**

Finally, Defendant argues that Plaintiff never produced any evidence to create a fact issue. In support of this argument, Defendant cites to statements in the R&R such as "Plaintiff does not cite or attach specific evidence supporting these allegations" and "Plaintiff offers no actual evidence of retaliatory intent." ECF No. 32 at 14 n.11, 18 n.13. Defendant concludes that summary judgment should be granted because "Plaintiff lacks the evidence to support any of his claims." ECF No. 39 at 22.

While the Court agrees with Judge Palermo that many of Plaintiff's citations were unclear or inadequate, Defendant is not entitled to summary judgment on those grounds. When the cited statements are viewed in context, they explain that Defendant either did not dispute Plaintiff's uncorroborated allegations or did not overcome an inference in Plaintiff's favor. Defendant cannot point to these statements as a standalone basis for summary judgment. Therefore, Defendant's objection is overruled.

## IV. CONCLUSION

The Court hereby **ADOPTS** the R&R. Defendant's Motion for Summary Judgment, ECF No. 25, is **GRANTED IN PART** and **DENIED IN PART**. Summary judgment is GRANTED on Plaintiff's claim for review of the MSPB decision and DENIED on all other claims.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 19th day of February, 2025.

                                                                KEITH P. ELLISON
                                                                UNITED STATES DISTRICT JUDGE